DAVIS WRIGHT TREMAINE LLP
Martin L. Fineman, Bar No. 1104413
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Phone: (415) 276-6575
Fax: (415) 276-6599
Email: martinfineman@dwt.com

NIRO, HALLER & NIRO
Raymond P. Niro (Member of the N.D. Cal. Bar)
Daniel R. Ferri (*Admitted Pro Hac Vice*)
Gabriel I. Opatken (*Admitted Pro Hac Vice*)
Ashley LaValley (*Admitted Pro Hac Vice*)
181 West Madison, Suite 4600
Chicago, IL 60602-4515
Phone: (312) 236-0733
Fax: (312) 236-3137
Email: rniro@nshn.com
Email: dferri@nshn.com
Email: gopatken@nshn.com
Email: alavalley@nshn.com
Attorneys for Plaintiff
Cascades Computer Innovation, LLC

**[Additional Parties and Counsel Listed on Signature Pages]**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASCADES COMPUTER INNOVATION, LLC,<br><br>                              Plaintiff,<br><br>        v.<br><br>RPX CORPORATION; DELL INC.; LG ELECTRONICS, INC.; HTC CORPORATION; SAMSUNG ELECTRONICS CO. LTD.; and MOTOROLA MOBILITY, INC.,<br><br>                              Defendants. | Case No. 4:12-cv-01143-YGR<br><br>The Hon. Yvonne Gonzalez Rogers<br><br><br>**JOINT CASE MANAGEMENT STATEMENT** |

In accordance with Fed.R.Civ.P. 16(b), Civil L.R. 16-10 and this Court's Order of April 24, 2012 (Dkt. No. 34), Plaintiff Cascades Computer Innovation, LLC ("Cascades") and Defendants – RPX Corporation ("RPX"), Dell Inc. ("Dell"), LG Electronics, Inc. ("LGE"), HTC Corporation ("HTC"), Samsung Electronics Co., Ltd ("Samsung") and Motorola Mobility, Inc. ("Motorola") – hereby respectfully submit the following Joint Case Management Statement.

## I.    JURISDICTION AND SERVICE

Cascades' Complaint alleges claims for violation of the federal antitrust laws and for violation of the Cartwright Act and California unfair competition law.  It is Cascades' position that this Court has subject matter jurisdiction over the federal antitrust claims under 15 U.S.C. §§ 15 and 26 and 28 U.S.C. § 1331, and supplemental jurisdiction over Cascades' California state law claims under 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.  Cascades contends that personal jurisdiction over each defendant is proper and venue in this Judicial District is proper under 15 U.S.C. §§ 15 and 22 and 28 U.S.C. §§ 1391(c) and (d).

Defendants do not intend to contest this Court's personal jurisdiction over them in this action.  However, Defendants contend that Cascades' claims are not properly asserted in this action in the Northern District of California because they are compulsory counterclaims that should have been asserted in Cascades' pending patent infringement actions against certain Defendants in the Northern District of Illinois.

All parties have been served.

## II.   FACTS

### *Cascades' Statement:*

Cascades acquired the exclusive right to license and enforce a portfolio of more than 35 patents relating to the Android operating system. Defendants Dell, LGE, HTC, Samsung and

1    Motorola (collectively, "Manufacturing Defendants") make up over 90% of the market for

2    mobile phones and tablet devices that use the Android operating system in the United States.

3    Defendant RPX serves as co-conspirator/organizer for its over 110 members for purposes of

4    acquiring patents and negotiating bulk licensing and purchase terms on behalf of its members

5    collectively. RPX boasts of its ability to achieve "whole sale" pricing terms for its members.

6    Defendants Dell, LGE, HTC, Samsung and Motorola are all members of RPX.

7         Initially, RPX negotiated with Cascades to acquire license rights under all of the

8    Cascades patents for the benefit of the Manufacturing Defendants and other RPX members.

9    RPX's offer would have resulted in a high seven-figure payment to Cascades for a fully paid-up

10   license for those limited entities. RPX then terminated negotiations with Cascades and withdrew

11   its offer because (as it admitted to Cascades) one or more of its members allegedly would not

12   fund or endorse the license deal.  This proved the Members and RPX were working collectively.

13        This, together with the uniformity of action by the Manufacturing Defendants showed

14   that RPX and the Manufacturing Defendants had conspired and agreed that none of them would

15   separately and independently accept a license from Cascades.

16        Group boycotts are *per se* illegal and anticompetitive.  And here, the defendants have

17   combined and conspired not to negotiate independently and reasonably with Cascades for

18   licenses under its patents.

19        ***Defendants' Statement***:

20        With this lawsuit (and a slew of prior patent-infringement lawsuits against Defendants),

21   Cascades seeks to use this Court to extract damages for the entirely lawful act of refusing to bow

22   to Cascades' unreasonable patent royalty demands, and thereby get via litigation what it cannot

23   get in the marketplace.  Cascades alleges that it was unable to convince any of the Defendants to

24   accede to its multi-million dollar demands for licenses to what it calls the "Elbrus patents."

25

Cascades conveniently ignores the most obvious and plausible explanation for this failure—that the market value of these licenses was simply not as high as Cascades wanted it to be.  Instead, Cascades asserts that it has been made the victim of a vast antitrust conspiracy to prevent Cascades from selling its licenses.

This assertion, in addition to being entirely implausible, is baseless.  This is evident from the face of the Complaint, which alleges no specific facts to suggest how Defendants are supposed to have conspired.  Indeed, other allegations in the Complaint admitting that at least two RPX member companies (including defendant Dell) made separate offers to Cascades, as well as the fact that Cascades has achieved at least one independent settlement with an RPX member, conclusively demonstrate that the conspiracy allegations are groundless.  Furthermore, Cascades' Complaint fails to allege any facts tending to exclude lawful unilateral conduct, given that refusing to fund dubious patent litigation by entities like Cascades is independently economically rational for each company at issue.

This litigation is also an improper attempt at claim-splitting.  Rather than bring its antitrust claims where they belong—in Cascades' pending patent infringement suits against certain Defendants in the Northern District of Illinois—Cascades elected to wait to bring those claims as a separate action in this District, presumably in an effort to enhance its settlement leverage.  Because Cascades' claims here were compulsory counterclaims in Cascades' various patent infringement suits, they should be dismissed with prejudice.

## III.    LEGAL ISSUES

The disputed legal issues present in this litigation include the following:

1.      (*According to Cascades*) Whether the Defendants have combined and conspired to violate the federal antitrust and California state unfair competition laws.

2.     (*According to Defendants*) Whether the Complaint alleges a plausible conspiracy under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and its progeny.

3.     (*According to Defendants*) Whether the conduct Cascades complains of is exempt from antitrust scrutiny under the *Noerr-Pennington* doctrine.

4.     (*According to Defendants*) Whether Cascades' claims in this action are compulsory counterclaims in the pending patent infringement suits brought by Cascades against certain Defendants in the Northern District of Illinois.

5.     (*According to Cascades*) Whether Cascades' claims in this action were required to be joined to the pending patent infringement cases in the Northern District of Illinois, and whether pursuant to Fed.R.Civ.P. 19, Cascades must also join each and every defendant in each and every patent action in the Northern District of Illinois to be afforded complete relief.

6.     (*According to Defendants*) Whether the conduct alleged in the Complaint can be analyzed as a purported per se violation of the antitrust laws or, alternatively, whether the alleged conduct must be analyzed under the rule of reason.

7.     (*According to Defendants*) Whether Cascades, in support of any claims required to be considered under a rule of reason analysis, has identified a cognizable relevant market in which the allegedly anticompetitive conduct occurred.

8.     (*According to Defendants*) Whether Cascades has alleged cognizable antitrust injury.

9.     (*According to Defendants*)  Cascades has pled itself out of Court by admitting, among other things, that two RPX member companies (including Dell) made separate offers to Cascades and that Cascades has achieved at least one independent settlement with an RPX member.

10.     (*According to Cascades*)  Whether an alleged token, bad-faith offer by an alleged co-conspirator is sufficient to eliminate liability for antitrust violations under each of the numerous causes of action (e.g., group boycott, horizontal price fixing, etc.).

11.     (*According to Cascades*)  Whether an after-the-fact acceptance of an offer by a member of RPX is sufficient to eliminate liability for antitrust violations by all of the defendants in this action.

## IV.   MOTIONS

Currently pending are motions to dismiss filed by RPX (Dkt. No. 54) and Dell (Dkt. No. 55).   Those motions are fully briefed and a hearing is set for July 10, 2012.   Defendants Samsung, LGE, Motorola and HTC will move to dismiss the Complaint on or before the date by which they are required to respond, July 16, 2012.   In the event Defendants' motions are not granted in their entirety, Defendants also anticipate filing motions for summary judgment and/or other dispositive motions, as well as motions in limine before trial.   Defendants may also file motions to compel and/or Daubert motions as necessary.

Cascades anticipates filing motions for summary judgment and/or other dispositive motions, motions in limine before trial, and motions to compel, as may be necessary.

## V.   AMENDMENT OF PLEADINGS

Cascades does not anticipate adding any parties or claims to this action.  However, in the event that early discovery uncovers additional conspirators or evidence of other violations of law, Cascades proposes a deadline for amending the pleadings of November 23, 2012.  The date proposed is necessary given Defendants' staggered motions to dismiss and intended motions to dismiss, thus preventing any discovery necessary to identify additional co-conspirators. Cascades proposes that Fed. R. Civ. P. 15(a)(2) will govern any request to amend the pleadings after November 23, 2012.

Defendants contend that the Complaint fails to state a claim as a matter of law, and that any attempt to amend the Complaint would be futile.   Regarding any amendment to add additional parties, Defendants note that, according to the Complaint, Cascades already has named as defendants in this case entities with over a 97% share of the purportedly relevant "Android market in the United States."   In any event, Defendants propose that any request to amend the Complaint with leave of Court be made by August 17, 2012.

## VI.   EVIDENCE PRESERVATION

The parties represent they have taken all steps necessary to preserve evidence relevant to the issues in this action.   The parties represent they have undertaken to preserve all relevant documents including e-mails, voice mails, and all other electronically stored material.

## VII.   DISCLOSURES

The parties have not yet exchanged initial disclosures in accordance with Fed.R.Civ.P. 26.   With the exception of Motorola, the parties will exchange initial disclosures by July 16, 2012 (14 days from the parties' Fed.R.Civ.P. 26(f) conference).

Motorola and Cascades have not yet conferred pursuant to 26(f) and have agreed to meet as soon as possible.   Motorola and Cascades have agreed to exchange initial disclosures by July 25, 2012.

## VIII.   DISCOVERY

No discovery has been taken to date. Pursuant to Fed.R.Civ.P. 26(f)(3), the parties' positions on discovery are as follows:

A.     Cascades proposes no modifications to the limitations on discovery as set forth in the Federal Rules and opposes the unilateral stay of discovery sought by the Defendants. Defendants' position is that, aside from the initial disclosures to be exchanged on July 16, 2012, further discovery should not proceed until Defendants' motions to dismiss have been resolved.

B.     Cascades anticipates seeking discovery from RPX on the nature and scope of its business model and how it is implemented and from the Manufacturing Defendants as to, among other things,  their communications and agreements between and amongst themselves and RPX relating to Cascades and the Cascades patent portfolio, their share of the Android market, and the nature and terms of their relationship with RPX, including but not limited to their membership agreements. Cascades anticipates seeking discovery from RPX relating to, among other things, communications between it and its members relating to Cascades and the Cascades patent portfolio, the nature of its relationship with the Manufacturing Defendants, and its formation and business model (including all efforts relating to the existence and/or avoidance of antitrust liability). Cascades also anticipates seeking early deposition testimony of RPX members and potential members as well as investors and entities with a financial interest in RPX (including, but not limited to, Kleiner Perkins).

Defendants anticipate seeking discovery from Cascades as to, among other things: (1) the adequacy of their pre-litigation investigation of the allegations underlying their claims in this case; (2) license offers and demands made by Cascades, including to persons other than Defendants; (3) the nature of Cascades' business model, including Cascades' internal policies regarding license negotiations and the initiation of litigation; and (4) the factual basis of any allegations by Cascades that Defendants' alleged conduct resulted in harm to competition, among other issues.

C.     Cascades anticipates that electronically stored information will be relevant to this case and will seek electronic communications at an early stage of discovery.  Defendants suggest meeting and conferring regarding a protocol for the production of electronically stored information. Cascades requests that such discovery be produced as single page TIFF files with OCR text files and a Summation load file.

D.      Cascades proposes that because of the nature of this case, the parties provide a privilege log identifying and describing those communications asserted to be privileged through the filing of each defendant's answer or other pleading in the present action. Based on Defendants' dealings with Cascades and the likely involvement of attorneys in those dealings as well as Defendants' involvement in joint defense agreements and other arrangements with and amongst each other, Cascades believes that "privileged" communications may be pertinent to this case and may seek *in camera* review of designated materials to prevent improper withholding of relevant and discoverable documents.

Defendants object to Cascades' unwarranted proposal for an exceptional and unduly burdensome requirement to log privileged documents created after the initiation of litigation.  Such a requirement would force Defendants to describe for Cascades, among other things, the contents of privileged attorney-client communications regarding this very litigation. It is Defendants' position that there is no reason to depart from the normal rules regarding the scope and content of privilege logs.

E.      Defendants are in the process of drafting a proposed two-tiered protective order that is patterned after orders recently approved by courts in this District in similar litigation. Defendants intend to circulate this draft proposed order to Cascades in the near future.

## IX.      CLASS ACTIONS

This is not a class action.

## X.      RELATED CASES

It is Cascades' position that there are no related cases, especially in light of the definition of "related cases" provided in Local Rule 3-12. This action alleging antitrust violations by six co-conspirators and involving a portfolio of 38 patents does not "concern substantially the same parties, property, transaction or event" as the pending patent infringement cases relating to a

single patent against less than all of the defendants in the Northern District of Illinois. Moreover, there will not be an "unduly burdensome duplication of labor and expense or conflicting results," and in fact, the current antitrust action including all of the known co-conspirators and RPX as a facilitator of the conspiracy is the most efficient manner to resolve this dispute.

Defendants' position is that each of the following are related cases within the meaning of Local Rule 3-12:

*Cascades Computer Innovation, LLC v. Motorola Mobility, Inc. and Samsung Electronics Co, Ltd.*, 11-cv-4574 (N.D. Ill.)

*Cascades Computer Innovation, LLC v. HTC Corp. and LG Electronics, Inc.*, 11-cv-6235 (N.D. Ill.)

*Cascades Computer Innovation, LLC v. Dell Inc.*, Civ. Act. No. 11-cv-7264 (N.D. Ill.)

*Cascades Computer Innovation, LLC v. Koninklijke Philips Elec., Inc.*, 11-cv-7387 (N.D. Ill.)

*Cascades Computer Innovation, LLC v. Pantech Wireless*, 11-cv-7249 (N.D. Ill.)

*Cascades Computer Innovation, LLC v. Sharp Electronics*, 11-cv-7252 (N.D. Ill.)

*Cascades Computer Innovation, LLC v. Acer America Corp.*, No. 1:11-cv-07228 (N.D. Ill.)

*Cascades Computer Innovation, LLC v. Sony-Ericsson Mobile Communications (USA) Inc.*, No. 1:11-cv-07223 (N.D. Ill.)

## XI.   RELIEF

Cascades respectfully seeks all forms of relief enumerated in the prayer for relief in Cascades' Complaint, and more particularly, damages, punitive damages, treble damages, retribution, injunctive relief, attorney fees, costs of suit and such other further relief as the Court and/or a jury may deem proper and just.  Defendants intend to seek to recover their attorney fees

and costs of suit under all applicable rules and statutes, including as may be appropriate pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## XII. SETTLEMENT AND ADR

The parties are in continuing discussions regarding which ADR options may be suitable to this action, but have not undertaken any ADR efforts to date. The parties are willing to engage in some form of early alternative dispute resolution.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not unanimously consent to proceed before a Magistrate Judge for all purposes.

## XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

At this time, the parties are unable to identify any issues that can be narrowed.

## XVI. EXPEDITED TRIAL PROCEDURE

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

## XVII. SCHEDULING

Cascades proposes the following schedule:

| Event | Due Date |
|---|---|
| Initial Disclosures and Fact Discovery Commences | 07/16/2012 |
| Exchange Terms for ESI Discovery | 08/17/2012 |
| Close of Fact Discovery | 12/17/2012 |
| Designation of Experts | 12/31/2012 |
| Parties Exchange Initial Expert Witness Disclosures | 01/24/2013 |
| Parties Exchange Rebuttal Expert Witness Disclosures | 02/28/2013 |
| Close of Expert Discovery | 03/28/2013 |
| Final Day for Filing Dispositive Motions | 04/23/2013 |

| Pretrial conference | *Before May 15, 2013* |
| Trial | *Before June 14, 2013* |

Defendants propose the following schedule:

| Event | Due Date |
|---|---|
| Initial Disclosures | 07/16/2012 |
| Fact Discovery Commences | After MTD rulings |
| Close of Fact Discovery | 7/26/2013 |
| Designation of Experts | 8/6/2013 |
| Parties Exchange Initial Expert Witness Disclosures | 9/6/2013 |
| Parties Exchange Rebuttal Expert Witness Disclosures | 10/8/2013 |
| Close of Expert Discovery | 11/8/2013 |
| Final Day for Filing Dispositive Motions | 12/13/2013 |
| Pretrial conference | *January 10, 2014* |
| Trial | *February 10, 2014* |

## XVIII. TRIAL

Cascades requested a trial by jury on all issues so triable. Cascades expects trial to last 4-6 days. Defendants expect trial to last 2-3 weeks.

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Cascades, RPX, Dell, HTC, LGE, and Samsung have filed Certifications of Interested Entities or Persons as required by Civil L.R. 3-16. Motorola has not yet filed its Certification, but anticipates doing so before the Case Management Conference. The parties hereby restate the following non-party entities with (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

A.    Cascades – Cascades Ventures, Inc.

B.    RPX – Charles River Partnership XIII, L.P.; Index Ventures Growth I (Jersey) L.P.; and Kleiner Perkins Caufield & Byers XIII, LLC.

C.    Dell – None.

D.    LGE – LG Corporation.

1    E.    HTC – None.

2    F.    Samsung – None.

3    G.    Motorola – Google.

4  Dated: July 9, 2012.                    Respectfully submitted,

5                                          /s/ Michael W. Scarborough
                                              Michael W. Scarborough
6                                             mscarborough@sheppardmullin.com
                                          Sheppard Mullin Richter & Hampton LLP
7                                          Four Embarcadero Center, 17th Floor
                                           San Francisco, CA 94111-4106
8                                          Telephone: (415) 434-9100
                                           Facsimile: (415) 434-3947

9                                          Attorneys for Defendant
                                           Samsung Electronics Co., Ltd.
10

11                                         /s/ Martin L. Fineman
12                                         DAVIS WRIGHT TREMAINE LLP
                                           Martin L. Fineman, Bar No. 1104413
13                                         505 Montgomery Street, Suite 808
                                           San Francisco, CA 94111
14                                         Phone: (415) 276-6575
                                           Fax: (415) 276-6599
15                                         Email: martinfineman@dwt.com

16                                         NIRO, HALLER & NIRO
17                                         Raymond P. Niro (Member of the N.D. Cal.
                                           Bar)
18                                         Daniel R. Ferri (Admitted Pro Hac Vice)
                                           Gabriel I. Opatken (Admitted Pro Hac Vice)
19                                         Ashley LaValley (Admitted Pro Hac Vice)
                                           181 West Madison, Suite 4600
20                                         Chicago, IL 60602-4515
                                           Phone: (312) 236-0733
21                                         Fax: (312) 236-3137
                                           Emails: rniro@nshn.com; dferri@nshn.com;
22                                         gopatken@nshn.com; alavalley@nshn.com

23                                         Attorneys for Plaintiff
24                                         Cascades Computer Innovation, LLC

25  Case No. 4:12-cv-01143-YGR            -12-          JOINT CASE MANAGEMENT STATEMENT

1

2          */s/ Elliot Remsen Peters*
                Elliot Remsen Peters
                epeters@kvn.com
3          Keker &Van Nest LLP
           633 Battery Street
           San Francisco, CA 94111-1809
4          Telephone:  (415) 391-5400
           Facsimile:  (415) 297-7188

5
           Attorneys for Defendant
6          LG Electronics, Inc.

7

8          */s/ Gene Crew*
                Gene Crew
                gcrew@kilpatricktownsend.com
9          Kilpatrick Townsend & Stockton LLP
           Two Embarcadero Center
           Eighth Floor
10         San Francisco, CA 94111
           Telephone:  (415) 576-0200
11         Facsimile:  (415) 576-0300

12         Attorneys for Defendant
           Motorola Mobility, Inc.

13

14         */s/ Jonathan M. Jacobson*
                Jonathan M. Jacobson
15              jjacobson@wsgr.com
            WILSON SONSINI GOODRICH & ROSATI
16         Professional Corporation
           1301 Avenue of the Americas
17         New York, NY 10019
           Telephone:  (212) 999-5800
18         Facsimile:   (212) 999-5899

19         Attorneys for Defendant
           HTC Corporation
20

21

22

23

24

25

1                                                                   */s/ Kimball R. Anderson*

Kimball R. Anderson

kanderson@winston.com

WINSTON & STRAWN LLP

35 West Wacker Drive

41st Floor

Chicago, IL  60601

Telephone (3120 558-5755

Facsimile (312) 558-5700


Attorneys for Defendant

Dell Inc.


*/s/ Alfred C. Pfeiffer, Jr.*

Alfred C. Pfeiffer, Jr.

al.pfeiffer@lw.com

LATHAM & WATKINS LLP

505 Montgomery Street, Suite 2000

San Francisco, CA 94111

Telephone:  (415) 391-0600

Facsimile:  (415) 395-8095


Attorneys for Defendant

RPX Corporation


       The filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 9, 2012 the foregoing:

**JOINT CASE MANAGEMENT STATEMENT**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing to the following counsel of record.

| | |
|---|---|
| Charles S. Crompton, III<br>Charles.crompton@lw.com<br>Hanno Kaiser<br>Hanno.kaiser@lw.com<br>Alfred Carroll Pfeiffer, Jr.<br>Al.pfeiffer@lw.com<br>LATHAM & WATKINS<br>505 Montgomery Street - Suite 2000<br>San Francisco, CA 94111<br>Phone: (415) 391-0600<br>Fax: (415) 395-8095<br><br>***Attorneys for RPX Corporation*** | Paul R. Griffin<br>pgriffin@winston.com<br>Sean D. Meenan<br>smeenan@winston.com<br>WINSTON & STRAWN LLP<br>101 California Street<br>San Francisco, CA 94111-5802<br>Phone: (415) 591-1000<br>Fax: (415) 591-1400<br><br>Kimball R. Anderson (*Pro Hac Vice*)<br>kanderson@winston.com<br>Samuel Mendenhall (*Pro Hac Vice*)<br>smeenan@winston.com<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601<br>Phone: (312) 558-5755<br>Fax: (312) 558-5700<br><br>***Attorneys for Dell Inc.*** |
| Elliot R. Peters<br>epeters@kvn.com<br>Paula L. Blizzard<br>pblizzard@kvn.com<br>Thomas E. Gorman<br>tgorman@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Phone: (415) 391-5400<br>Fax: (415) 397-7188<br><br>***Attorneys for LG Electronics, Inc.*** | Jonathan M. Jacobson<br>jjacobson@wsgr.com<br>Chul Pak (*Pro Hac Vice*)<br>cpak@wsgr.com<br>Daniel P. Weick (*Pro Hac Vice*)<br>dweick@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI<br>P.C.<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019<br>Phone: (212) 497-7700<br>Fax: (212) 999-5899<br><br>***Attorneys for HTC Corporation*** |

| | Lisa A. Davis<br>ldavis@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI P.C.<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>Phone: (650) 493-9300<br>Fax: (650) 493-6811<br><br>***Attorneys for HTC Corporation*** |
|---|---|
| DAVIS WRIGHT TREMAINE LLP<br>Martin L. Fineman, Bar No. 1104413<br>505 Montgomery Street, Suite 808<br>San Francisco, CA 94111<br>Phone: (415) 276-6575<br>Fax: (415) 276-6599<br>Email: martinfineman@dwt.com<br><br>NIRO, HALLER & NIRO<br>Raymond P. Niro (Member of the N.D. Cal. Bar)<br>Daniel R. Ferri (*Admitted Pro Hac Vice*)<br>Gabriel I. Opatken (*Admitted Pro Hac Vice*)<br>Ashley LaValley (*Admitted Pro Hac Vice*)<br>181 West Madison, Suite 4600<br>Chicago, IL 60602-4515<br>Phone: (312) 236-0733<br>Fax: (312) 236-3137<br>Emails: rniro@nshn.com;<br>dferri@nshn.com; gopatken@nshn.com;<br>alavalley@nshn.com<br><br>***Attorneys for Plaintiff***<br>***Cascades Computer Innovation, LLC*** | Gene Crew<br>gcrew@kilpatricktownsend.com<br>Kilpatrick Townsend & Stockton LLP<br>Two Embarcadero Center<br>Eighth Floor<br>San Francisco, CA 94111<br>Telephone:  (415) 576-0200<br>Facsimile:  (415) 576-0300<br><br>***Attorneys for Motorola Mobility, Inc.*** |

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

*/s/ Michael W. Scarborough*
Michael W. Scarborough