KILPATRICK TOWNSEND & STOCKTON, LLP

PETER BOYLE (*Pro Hac Vice*)
607 14th St NW, Suite 900
Washington D.C. 20005
pboyle@kilpatricktownsend.com
Telephone: 202 508 5831
Facsimile:  202 508 5858

STEVEN D. MOORE (State Bar No. 290875 )
JESSICA L. HANNAH (State Bar No. 261802)
Eighth Floor, Two Embarcadero Center
San Francisco, CA  94111
smoore@kilpatricktownsend.com
jhannah@kilpatricktownsend.com
Telephone:   415 576 0200
Facsimile:    415 576 0300

Attorneys for Defendant
MOTOROLA MOBILITY HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CASCADES COMPUTER INNOVATION LLC,<br><br>                Plaintiff,<br><br>        v.<br><br>RPX CORPORATION, HTC CORPORATION, LG ELECTRONICS, INC., MOTOROLA MOBILITY HOLDINGS, INC., SAMSUNG ELECTRONICS CO. LTD., DELL, INC.,<br><br>                Defendants. | Civil Action No. C 12-CV-1143 (YGR)<br><br><br>**DEFENDANT MOTOROLA MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |



**DEFENDANT MOTOROLA MOBILITY LLC'S ANSWER**
**TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Motorola Mobility LLC ("MML") hereby provides the following Answer and affirmative defenses to the Amended Complaint filed and served by Cascades Computer Innovation LLC ("Plaintiff") on February 20, 2013.  (Dkt. 94.)

## THE PARTIES

1.      MML admits that Plaintiff is an Illinois limited liability company having its principal place of business at 500 Skokie Boulevard, Suite 250, Northbrook, Illinois 60062.  MML is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and therefore denies such allegations.

2.      MML admits that RPX Corporation is a Delaware corporation with a principal place of business at One Market Plaza, Steuart Tower, Suite 700, San Francisco, California 94105.  MML further admits that RPX is a patent aggregator that acquires patents (or the right to use patented technology) for its members (now in excess of 120).  MML admits that RPX occasionally does "structured" acquisitions for small groups of members for which pertinent members provide some of the funding.  MML is without information sufficient to admit or deny the remaining allegations in Paragraph 2, and therefore denies such allegations.

3.      MML is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies such allegations.

4.      Motorola Mobility, Inc. ("MMI") was converted to a limited liability company in June of 2012, and is now known as Motorola Mobility LLC ("MML").  MML admits that it is headquartered at 600 N. U.S. Highway 45, Libertyville, Illinois 60048.  MML further admits that it does business in this judicial district.  MML also admits that MMI was acquired by Google for $12.5 billion in May 2012.  MML admits that Google's principal place of business is in this judicial district.  MML is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore denies such allegations.

5.      MML is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies such allegations.



1       6.     MML admits that it, HTC, and Samsung manufacture and sell wireless portable communication devices including mobile telephones and computer tablets that employ the Android operating system.  MML further admits HTC, Samsung, and Google are members of RPX, but denies that MML itself is currently a member of RPX.  MML further admits that Google is the primary developer of the open source Android operating system.  MML is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and therefore denies such allegations.

## JURISDICTION AND VENUE

7.     MML admits that this Court has jurisdiction over the alleged claims, but otherwise denies the remaining allegations in Paragraph 7.

8.     MML admits that it has engaged in interstate commerce for the four years prior to the filing of this Complaint, but otherwise denies the remaining allegations in Paragraph 8.

9.     MML admits that venue in this judicial district is proper, but otherwise denies the remaining allegations in Paragraph 9.

## BACKGROUND FACTS RELEVANT TO ALL CLAIMS

### Cascades and Elbrus

10.    MML answers that the allegations in Paragraph 10 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies all such allegations contained in this Paragraph.  With respect to the few "factual" allegations in Paragraph 10, MML lacks information sufficient to admit or deny any such allegations, and accordingly denies them.

11.    MML denies that it has infringed the patents listed above.  The remaining allegations in Paragraph 11 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies the remaining allegations contained in this Paragraph.



MOTOROLA MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CASE NO. C 12-CV-1143 (YGR)

**The Cascades Patents And Google's Android Operating Systems**

12.     MML admits that Google's Android-operating system is a popular mobile operating system in many regions.  MML admits that it sells Android-based mobile phones.  The remaining allegations in Paragraph 12 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies the remaining allegations contained in this Paragraph.

13.     MML admits that more than 300,000 applications are available for use on Android devices, and that devices must use the Android-operating system in order to run applications built for an Android operating system.  MML denies the remaining allegations in Paragraph 13.

14.     MML admits that Google acquired it for $12.5 billion, and that due to that acquisition, any patents previously owned by MML are now owned by Google, including patents related to the Android operating system.  MML is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies such allegations.

**The Anti-Troll/Anti-NPE/Anti-Inventor Conspiracy**

15.     MML answers that the allegations in Paragraph 15 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

16.     MML admits that it owns or controls patents that cover products it neither makes nor sells.  The remaining allegations in Paragraph 16 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies the remaining allegations contained in this Paragraph.

17.     MMI answers that the allegations in Paragraph 17 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies the allegations contained in this Paragraph.

18.     MML answers that the allegations in Paragraph 18 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies the allegations contained in this Paragraph.

**The RPX Business Model**

19.     MML admits based on public sources that RPX has more than 120 members, including HTC and Samsung.  MML expressly denies that it infringes the '750 patent or any other Cascades patent.  MML is without knowledge or information sufficient to form a belief as to the truth of the allegations made concerning the negotiations between RPX and Cascades, as MML was not involved in those negotiations.  The remaining allegations in Paragraph 19 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies the remaining allegations in this Paragraph.

20.     MML admits that RPX allows its members the opportunity to obtain licenses on a subscription basis to certain patents to which RPX has acquired the rights.  MML denies that companies lose licenses obtained through RPX if they elect to leave RPX.  MML further answers that RPX's Annual Reports speak for themselves.  The remaining allegations in Paragraph 20 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies the remaining allegations in this Paragraph.

21.     MML admits that RPX sometimes acquires specific patents or rights in specific patents of interest for a small group of its members in the context of a syndicated or structured acquisition.  MML further notes that RPX's website speaks for itself.  The remaining allegations in Paragraph 21 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly, MML denies these allegations.

22.     MML answers that the allegations in Paragraph 22 relating to the RPX website cannot be admitted or denied because that page no longer exists; accordingly, MML denies those allegations.  The remaining allegations in Paragraph 22 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

23.     MML answers that the allegations in Paragraph 23 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

24.     MML denies that withdrawal from RPX automatically leads to loss of patent rights obtained through RPX.  The remaining allegations in Paragraph 24 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

1    25.     MML answers that the allegations in Paragraph 25 contain opinions or non-factual
2    characterizations that cannot be admitted or denied; accordingly MML denies these allegations.
3    26.     MML denies that it did not act independently.  The remaining allegations in
4    Paragraph 26 contain opinions or non-factual characterizations that cannot be admitted or denied;
5    accordingly MML denies these allegations.
6    27.     MML denies that RPX members act in combination in negotiating license terms.
7    The remaining allegations in Paragraph 27 contain opinions or non-factual characterizations that
8    cannot be admitted or denied; accordingly, MML denies these allegations.
9    28.     MML answers that RPX's S.E.C. Registration Statements speak for themselves.
10   The remaining allegations in Paragraph 28 contain opinions or non-factual characterizations that
11   cannot be admitted or denied; accordingly, MML denies these allegations.
12   29.     MML answers that RPX's S.E.C. Registration Statements speak for themselves.
13   The remaining allegations in Paragraph 29 contain opinions or non-factual characterizations that
14   cannot be admitted or denied; accordingly MML denies these allegations.
15   30.     MML answers that the allegations in Paragraph 30 contain opinions or non-factual
16   characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

17                          **The RPX-Led Concerted Refusal to Deal**

18   31.     MML denies that it was required to contribute to the proposed Cascades license
19   acquisition.  With respect to any other factual allegations in Paragraph 31, MML lacks information
20   sufficient to admit or deny any such allegations, and accordingly denies them.  The remaining
21   allegations in Paragraph 31 contain opinions or non-factual characterizations that cannot be
22   admitted or denied; accordingly MML denies these allegations.
23   32.     MML admits that in a September 20, 2011 email, sent in the context of settlement
24   negotiations after Cascades had sued Motorola for allegedly infringing the '750 patent, Brett
25   Roesslein noted that MML would prefer to resolve the pending and potential litigation with
26   Cascades by obtaining a sub-license to the Cascades patents through RPX.  MML denies that Mr.
27   Roesslein's email indicates a refusal to negotiate independently.  MML is without knowledge or
28   information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32,



1   and therefore denies such allegations.

2       33.    MML is without knowledge or information sufficient to form a belief as to the truth

3   of the allegations in Paragraph 33 about what, if anything, Mr. Barhydt communicated with

4   Cascades, and therefore denies such allegations.  MML denies that any such statement by Mr.

5   Barhydt would have served as any admission that all members in effect had agreed to license

6   collectively or not at all.

7       34.    MML admits that it discussed the Cascades patents with RPX.  MML denies that

8   the quote allegedly attributable to Mr. Barhydt means that RPX's clients or members were acting

9   in combination, that RPX's members collectively had the ultimate say in determining what RPX

10  would pay, or that RPX was negotiating collectively for its members.  MML is without knowledge

11  or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

12  34, and therefore denies such allegations.

13      35.    MML denies that RPX was collectively representing the manufacturing defendants.

14  MML is without knowledge or information sufficient to form a belief as to the truth of the

15  remaining allegations in Paragraph 35, and therefore denies such allegations.

16      36.    MML denies that RPX was acting as the negotiating agent for for MML regarding

17  any negotiations with Cascades.  MML also denies that communications between Cascades and

18  RPX show that RPX was the negotiating agent for MML.  MML further denies that RPX was

19  negotiating for all manufacturing defendants collectively, and that all manufacturing defendants

20  would all refuse to license the '750 patent either at a competitive price or in the absence of

21  licenses on the other Cascades patents.  With respect to any other factual allegations in Paragraph

22  36, MML lacks information sufficient to admit or deny any such allegations, and accordingly,

23  denies them.  The remaining allegations in Paragraph 36 contain opinions or non-factual

24  characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

25      37.    MML denies the allegations in Paragraph 37.

26                              **The Agreements**

27      38.    MML denies the allegations in Paragraph 38.

28      39.    MML denies the allegations in Paragraph 39.



MOTOROLA MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CASE NO. C 12-CV-1143 (YGR)

40.     ML answers that the allegations in Paragraph 40 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

**Further Conduct That Would Be Contrary To One's
Economic Self-Interest In The Absence Of A Tacit Conspiracy**

41.     MML answers that the allegations in Paragraph 41 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

42.     MML answers that the allegations in Paragraph 42 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

43.     MML denies the allegations in Paragraph 43.

**VIOLATION OF THE FEDERAL ANTITRUST LAWS**

44.     MML admits that Cascades has alleged four claims under the federal antitrust laws, but denies that any of those claims are viable.

45.     MML denies that Cascades has suffered any injury as a result of its conduct, let alone antitrust injury.

46.     MML denies that any efforts by Cascades to license any of the Cascades or Elbrus patents have been impacted by any horizontal or vertical combination or conspiracy in which MML allegedly participated, and further denies the implication that any such conspiracies occurred.  MML denies the remaining allegations in Paragraph 46.

47.     MML denies that the '750 patent relates to software embedded in mobile phones and tablet computers that permits optimization of applications when Android operating systems are used.  MML is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47, and therefore denies such allegations.

48.     MML denies the allegations in Paragraph 48 with respect to MML.  MML is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 with respect to Samsung, HTC, or any other RPX member and therefore denies such allegations.



MOTOROLA MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CASE NO. C 12-CV-1143 (YGR)

1     49.    MML denies the allegations in Paragraph 49 with respect to MML.  MML is

2 without knowledge or information sufficient to form a belief as to the truth of the allegations in

3 Paragraph 49 with respect to Samsung and HTC, and therefore denies such allegations.

4     50.    MML denies that it has a written agreement with RPX.  MML further denies that it

5 has agreed to refuse to independently discuss licensing with Cascades, that it has agreed to fund

6 licenses as a group or not at all, or that it has agreed to negotiate only through RPX.  MML admits

7 that it did not make an individual license counteroffer to Cascades.  MML is without knowledge or

8 information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50,

9 and therefore denies such allegations.

10     51.    MML admits that it has not taken a license to the Cascades patents, including the

11 '750 patent.  MML denies that it has not had individual contact with Cascades, as it has engaged

12 in discussions regarding settlement and licensing with counsel for Cascades.  MML denies that it

13 has market power.  MML is without knowledge or information sufficient to form a belief as to the

14 truth of the remaining allegations in Paragraph 51, and therefore denies such allegations.

15

16 **FIRST CLAIM FOR RELIEF**

17 **Horizontal Combination And Conspiracy In Restraint Of Trade**
**In Violation of Section 1 Of The Sherman Act**
**Against All Defendants**

18

19     52.    MML incorporates its Responses to Paragraphs 10-51.

20     53.    MML denies the allegations in Paragraph 53.

21     54.    MML denies the allegations in Paragraph 54.

22     55.    MML denies the allegations in Paragraph 55.

23     56.    MML denies the allegations in Paragraph 56.

24     57.    MML denies the allegations in Paragraph 57.

25     58.    MML denies the allegations in Paragraph 58.

26     59.    MML denies the allegations in Paragraph 59.

27     60.    MML denies the allegations in Paragraph 60.

28     61.    MML denies the allegations in Paragraph 61.



62.    MML denies the allegations in Paragraph 62.

63.    MML denies the allegations in Paragraph 63.

64.    MML denies the allegations in Paragraph 64.

65.    MML denies the allegations in Paragraph 65.

66.    MML denies the allegations in Paragraph 66.

67.    MML denies the allegations in Paragraph 67.

**SECOND CLAIM FOR RELIEF**

**Vertical Conspiracy And Combination To Restrain Trade**
**In Violation Of Section 1 Of The Sherman Act**
**Against All Defendants**

68.    MML incorporates its Responses to Paragraphs 10-51 and 53-67 above.

69.    MML denies the allegations in Paragraph 69.

70.    MML denies the allegations in Paragraph 70.

71.    MML denies the allegations in Paragraph 71.

**EFFECTS OF BOTH THE HORIZONTAL**
**AND VERTICAL CONSPIRACIES AND COMBINATION**

72.    MML denies the allegations in Paragraph 72.

73.    MML denies the allegations in Paragraph 73.

74.    MML denies the allegations in Paragraph 74.

75.    MML denies the allegations in Paragraph 75.

76.    MML denies the allegations in Paragraph 76.

77.    MML denies the allegations in Paragraph 77.

78.    MML denies the allegations in Paragraph 78.

**THIRD CLAIM FOR RELIEF**

**Combination And Conspiracy to Monopsonize By All Defendants**
**In Violation Of Section 2 Of The Sherman Act**
**Against All Defendants**

79.    MML incorporates its Responses to Paragraphs 10-51, 53-67, and 69-78 above.



MOTOROLA MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CASE NO. C 12-CV-1143 (YGR)

80.     MML denies the allegations in Paragraph 80.

81.     MML denies the allegations in Paragraph 81.

82.     MML denies the allegations in Paragraph 82.

83.     MML denies the allegations in Paragraph 83.

### FOURTH CLAIM FOR RELIEF

**Attempt To Monopsonize And Actual Monopsonization
By RPX In Violation Of Section 2 Of The Sherman Act
Against RPX**

84.     MML incorporates its Responses to Paragraphs 10-51, 53-67, 69-78, and 80-83 above.

85.     MML answers that the allegations contained in Paragraph 85 are only alleged as to Defendant RPX and therefore do not call for a response by MML.  To the extent a response is required, MML answers that the allegations in Paragraph 85 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

86.     MML answers that the allegations contained in Paragraph 86 are only alleged as to Defendant RPX and therefore do not call for a response by MML.  To the extent a response is required, MML answers that Cascades has not been injured by the alleged conduct.  MML further answers that the remaining allegations in Paragraph 86 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

87.     MML answers that the allegations contained in Paragraph 87 are only alleged as to Defendant RPX and therefore do not call for a response by MML.  To the extent a response is required, MML answers that the allegations in Paragraph 87 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

88.     MML answers that the allegations contained in Paragraph 88 are only alleged as to Defendant RPX and therefore do not call for a response by MML.  To the extent a response is required, MML denies that Plaintiff has properly defined any relevant market.  MML also specifically denies that the RPX membership agreements make RPX the negotiating or purchasing agent for the manufacturing defendants.  MML further answers that the remaining allegations in



Paragraph 88 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

89.    MML answers that the allegations contained in Paragraph 89 are only alleged as to Defendant RPX and therefore do not call for a response by MML.  To the extent a response is required, MML denies the allegations in Paragraph 89.

90.    MML answers that the allegations contained in Paragraph 90 are only alleged as to Defendant RPX and therefore do not call for a response by MML.  To the extent a response is required, MML denies that Cascades has been injured, and that Cascades has adequately defined a relevant market or submarket.  MML further answers that the remaining allegations in Paragraph 90 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

91.    MML answers that the allegations contained in Paragraph 91 are only alleged as to Defendant RPX and therefore do not call for a response by MML.  To the extent a response is required, MML answers that the remaining allegations in Paragraph 91 contain opinions or non-factual characterizations that cannot be admitted or denied; accordingly MML denies these allegations.

**Relevant Product Market**

92.    MML denies that "the market for the purchase, acquisition or licensing of technology covered by the Cascades '750 patent (and, because of the requirements of RPX and the manufacturing defendants, the other Cascades patents) to manufacturers of mobile phones and tablets that use the Android operating system" is a properly defined relevant market or submarket. MML denies the remainder of the allegations in Paragraph 92.

**Relevant Geographic Market**

93.    MML denies the allegations in Paragraph 93.

**Relevant Submarket**

94.    MML denies that the "market for licenses under the patented technology of just the Cascades '750 patent" is a properly defined relevant market or submarket.  MML denies the



MOTOROLA MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CASE NO. C 12-CV-1143 (YGR)

1    remainder of the allegations in Paragraph 94.

2                    **Injury To Competition -- Impact Of The Anticompetitive Activity**

3         95.    MML denies the allegations in Paragraph 95.

4         96.    MML denies the allegations in Paragraph 96.

5         97.    MML denies the allegations in Paragraph 97.

6                                    **Injury To Cascades**

7         98.    MML denies the allegations in Paragraph 98.

8         99.    MML denies the allegations in Paragraph 99.

9         100.   MML admits that Google is a member of RPX.  MML denies the remaining

10   allegations in Paragraph 100.

11                  **Chronology Of Key Events and The Noerr-Pennington Doctrine**

12        101.   MML is without knowledge or information sufficient to form a belief as to the truth

13   of the allegations in Paragraph 101, and therefore denies such allegations.

14        102.   MML is without knowledge or information sufficient to form a belief as to the truth

15   of the allegations in Paragraph 102, and therefore denies such allegations.

16        103.   MML admits that Cascades filed suit against Samsung and MML for infringement

17   of the '750 patent on July 6, 2011.  MML is without knowledge or information sufficient to form a

18   belief as to the truth of the remaining allegations in Paragraph 103, and therefore denies such

19   allegations.

20        104.   MML denies that the conduct at issue in this litigation took place outside the

21   litigation context.  MML admits that it, HTC, and Samsung were members of RPX prior to the

22   filing of the litigation.  The remaining allegations in Paragraph 104 contain opinions or non-

23   factual characterizations that cannot be admitted or denied; accordingly MML denies these

24   allegations.

25        105.   MML denies that it engaged in any concerted action, and further denies the

26   remaining allegations in Paragraph 105.

27        106.   MML admits that it was a member of RPX.  MML further admits that it discussed

28   with RPX various patents to which MML might wish to acquire a sub-license.  MML denies that it



MOTOROLA MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CASE NO. C 12-CV-1143 (YGR)

1   discussed any potential acquisitions with Samsung or HTC. MML denies the remaining

2   allegations with respect to MML. MML is without knowledge or information sufficient to form a

3   belief as to the truth of the remaining allegations in Paragraph 106 with respect to Samsung and

4   HTC, and therefore denies such allegations.

5       107.    MML denies the allegations in Paragraph 107.

6

7                           **FIFTH CLAIM FOR RELIEF**

8                        **Violation Of the Cartwright Act**
                    **(Cal. Bus. & Prof. Code §§ 16700, *et seq.*)**
9                          **Against All Defendants**

10      108.    MML incorporates its Responses to Paragraphs 10-51, 53-67, 69-78, 80-83, and 85-

11  107 above.

12      109.    MML denies the allegations in Paragraph 109.

13      110.    MML denies the allegations in Paragraph 110.

14

15                          **SIXTH CLAIM FOR RELIEF**
                    **Violation of California Unfair Competition Law**
16                   **(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**
                           **Against All Defendants**

17      111.    MML incorporates its Responses to Paragraphs 10-51, 53-67, 69-78, 80-83, 85-

18  107, and 109-110 above.

19      112.    MML denies the allegations in Paragraph 112.

20      113.    MML denies the allegations in Paragraph 113.

21      114.    MML denies the allegations in Paragraph 114.

22

23                          **<u>AFFIRMATIVE DEFENSES</u>**

24                      **FIRST AFFIRMATIVE DEFENSE**

25      115.    Plaintiff has failed to state a claim upon which relief may be granted.

26                      **SECOND AFFIRMATIVE DEFENSE**

27      116.    Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine,

28  because the acts that form the basis for Plaintiff's claims were taken as acts in furtherance of or



MOTOROLA MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CASE NO. C 12-CV-1143 (YGR)

were reasonably ancillary to the defendants' efforts to litigate or settle pending or threatened patent litigation.  Plaintiff, though its duly authorized representative, admitted that the communications between MML and Cascades about possible licensing of the Cascades patents arose as part of efforts to settle pending and threatened litigation.

### THIRD AFFIRMATIVE DEFENSE

117.    Plaintiff's claims are barred, in whole or in part, by the doctrines of in pari delicto and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

118.    Plaintiff lacks standing, including but not limited to lacking antitrust standing and antitrust injury.  Plaintiff has not been harmed because it has no valid patent rights to license, due to, among other things:

- The doctrine of invalidity;
- The doctrine of noninfringement;
- Failure to comply with the marking and notice requirements of 35 U.S.C. § 287;
- The doctrine of estoppel; and
- The doctrine of exhaustion.

### FIFTH AFFIRMATIVE DEFENSE

119.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

120.    Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

121.    Plaintiff's claims fail as a matter of law because MML has independent, legitimate business justifications for its conduct.

### EIGHTH AFFIRMATIVE DEFENSE

116.    MML adopts and incorporates by reference any other affirmative defenses asserted or to be asserted by any other Defendant in this action to the extent that such affirmative defense could be applicable to Plaintiff's claims against MML.



1    WHEREFORE Defendant MML asks that this Court:

2    A.    Enter an order and judgment dismissing the Complaint as to MML, with prejudice;

3    B.    Award MML its costs, disbursements, and attorneys' fees with respect to this

4    action; and

5    C.    Grant MML such other and further relief as the Court deems just and proper.

6

7

8

9    DATED:  January 14, 2014            Respectfully submitted,

10                                       KILPATRICK TOWNSEND & STOCKTON LLP

11

12

                                         By: /s Peter M. Boyle
13                                            PETER M. BOYLE

14                                       Attorneys for Defendant
15                                       Motorola Mobility Holdings, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28



MOTOROLA MOBILITY LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
CASE NO. C 12-CV-1143 (YGR)