1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CASCADES COMPUTER INNOVATION LLC,** | **Case No.: 12-CV-1143 YGR** |
| **Plaintiff,** | **ORDER STAYING CASE** |
| **vs.** | |
| **RPX CORPORATION,** *et al.***,** | |
| **Defendants.** | |

## INTRODUCTION

This antitrust action stems from allegations of a conspiracy to fix the price for certain patent licenses.  On December 9, 2013, this Court denied motions to dismiss filed by the defendants.  (Dkt. No. 119 ("December 3 Order").)  Concurrently, the Court ordered all parties to show cause why this action should not be stayed pending the resolution of litigation currently underway in the Northern District of Illinois, testing the validity and infringement of the so-called "'750 Patent," one among several "Elbrus Patents" for which Plaintiff allegedly holds exclusive licensing rights.  (*Id.* at 30.)  Both sides responded.  (Dkt. Nos. 122 ("Pl. Response"), 123 ("Defs. Reply").)  Defendants supported entry of a stay, and Plaintiff opposed.

On February 5, 2014, the Court issued an Order approving the stipulated dismissal of defendant Motorola Mobility Holdings, Inc., following a settlement.  (Dkt. No. 129 ("February 5 Order").)  In that Order, the Court took judicial notice of two salient facts: (1) the judge presiding

United States District Court
Northern District of California

1  over the Illinois patent litigation, Judge Kennelly, had, on January 2, 2014, issued a claim

2  construction order in that litigation, and (2) on January 30, 2014, Plaintiff and Motorola had

3  stipulated to a dismissal of the Illinois patent action.  The Court ordered the remaining parties before

4  it "to file separate status statements apprising the Court of their positions on how Judge Kennelly's

5  claim construction order [had] affected the posture of the litigation before this Court and whether the

6  developments in the Illinois action [had] affected the parties' views on staying the instant antitrust

7  action . . . ."  (*Id.* at 1-2.)

8      On February 7, the parties filed their responses.  (Dkt. Nos. 130, 131.)  Both responses

9  essentially reiterated the parties' previously stated positions while characterizing the recent

10  developments in the Illinois litigation as bolstering those positions.

11      On February 20, all of Plaintiff's patent cases in the Northern District of Illinois were

12  consolidated before Judge Kennelly.  (N.D. Ill. Case No. 1:11-cv-04574 ("Illinois Docket"), Dkt.

13  No. 149.)  On February 26, 2014, Judge Kennelly held a status conference and issued a scheduling

14  order.  (Illinois Docket No. 151.)  Pursuant to that Order, fact discovery shall close on April 30,

15  2014, expert disclosures shall be filed by May 21, 2014, rebuttals by June 25, expert depositions

16  shall be taken by July 30, and any dispositive motions shall be filed by August 27, 2014.  (*Id.*; *see*

17  *also* Illinois Docket No. 152 (correcting expert disclosure due date).)

## DISCUSSION

19      Having considered the parties' filings and the developments in the Illinois patent action, the

20  Court determines that the most appropriate course of action is to stay this matter for 120 days.

21      "A trial court may, with propriety, find it is efficient for its own docket and the fairest course

22  for the parties to enter a stay of an action before it, pending resolution of independent proceedings

23  which bear upon the case."  *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th

24  Cir. 1979).  "This rule . . . does not require that the issues in such proceedings are necessarily

25  controlling of the action before the court."  *Id.* at 863-64.  That being said, while a court's discretion

26  to stay matters pending before it is broad, it is not "unfettered."  *See Dependable Highway Exp., Inc.*

27  *v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).  For instance, "'if there is even a fair

28  possibility that the stay . . . will work damage to some one else,' the stay may be inappropriate

absent a showing by the moving party of 'hardship or inequity.'"  *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).  The length of a stay must be proportionate to "the strength of the justification given for it."  *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  A greater showing is required to justify especially long stays, or those of "indefinite" term.  *Id.*; *Dependable Highway Exp.*, 498 F.3d at 1066.

Here, Plaintiff articulates five reasons opposing a stay, none of which is availing.  The Court addresses them in order, though it addresses the second and fourth concurrently.

## I.   DISPOSITIVE EFFECT OF ILLINOIS LITIGATION

Plaintiff first asserts that a stay is only warranted if the Illinois lawsuits would entirely dispose of the antitrust claims at issue here.  Specifically, Plaintiff argues that the only reason to stay this case in deference to the Illinois lawsuits would be if the ultimate fact of non-infringement or invalidity of the '750 patent—that is, the issues being litigated in Illinois—would be "an absolute defense" to the antitrust suit at bar.  (Pl. Response at 1.)  Plaintiff provides no citation for that point of law.  On the contrary, the cases cited by Defendants, as well as other authorities, suggest that, in cases presenting both patent and related antitrust claims, district courts commonly stay the antitrust claims pending resolution of the patent issues.  Those cases typically involve a patent defendant's antitrust counterclaims, whereas here it is the Plaintiff bringing both patent and antitrust claims, but the Court perceives no reason why the difference matters, nor does Cascades articulate any.  In either situation, substantial efficiencies may result from allowing the patent litigation to run its course before proceeding to the merits of the antitrust action.  In this case, as Defendants aptly remark, if the Illinois litigation determines that Plaintiff's '750 Patent is invalid, any damage stemming from a refusal to negotiate a license under that patent may well prove to be illusory.  Thus, the Illinois litigation has the potential to narrow substantially, or moot entirely, the antitrust issues now before this Court.  In such circumstances, a stay is appropriate.

## II.   DURATION OF ILLINOIS LITIGATION

Plaintiff's second and fourth reasons for opposing a stay are closely related, and the Court addresses them together.  Plaintiff's second reason is that a stay is inappropriate due to the probable length of the Illinois litigation.  (Pl. Response at 5.)  Plaintiff's fourth reason is that stays for an

indefinite term are disfavored as a matter of law.  (Pl. Response at 6.)  As to the probable length of the Illinois litigation, Plaintiff's argument rests on the premise that the litigation will continue for several more years.  However, as the scheduling order entered by Judge Kennelly demonstrates, the Illinois litigation has already reached an advanced stage and continues apace.  The early issuance of a claim construction order, the imminence of fact and expert discovery, and the late summer cutoff date for filing dispositive motions all belie Plaintiff's claim that the Illinois cases will endure for "three or more years" (Pl. Response at 6), especially given the frequency with which patent cases resolve on summary judgment or prior thereto.  Turning to Plaintiff's indefiniteness argument, the Court notes first that the rule relied on by Plaintiff arose in the context of stays barring the progress of petitions for writs of habeas corpus.  The special liberty interests animating the rule are not present here.  Second, to the extent that Plaintiff accurately states the law, the Court notes that the stay entered here is not one of "indefinite" duration.

### III.    PREJUDICE FLOWING FROM ILLINOIS LITIGATION

Plaintiff argues that it would be prejudiced by entry of a stay for four reasons.  (Pl. Response at 6.)  First, it invokes its status as a putatively "small company," presumably to suggest that it feels the effects of a stay more keenly than Defendants would.  The argument is unavailing; Plaintiff may be small relative to Defendants, but it must be large enough to achieve its alleged purpose of leveling the patent licensing playing field.  (Dkt. No. 94 ¶¶ 17-18.)  Second, Plaintiff speculates that the parties will not be "in the same position as they are now" at the conclusion of the Illinois litigation and that Plaintiff "may well lose the possibility of recovering anything from defendants' antitrust violations."  These facts, however, weigh in favor of a stay, rather than against.  If the Illinois litigation reveals that the '750 Patent is invalid, then the lost opportunities Plaintiff fears may be nothing more than a just result.  Third, Plaintiff argues that prejudice may flow specifically from a stay of antitrust discovery.  Plaintiff's argument on this point is no model of clarity, but the gist seems to be that antitrust discovery establishing a conspiracy not to license Plaintiff's '750 Patent would bolster Plaintiffs' case for patent validity in Illinois, since the existence of licenses under a challenged patent is relevant to a determination of patent validity.  This Court is confident that its sister court in Illinois can and will appropriately weigh any issue of patent validity in light of all the

United States District Court
Northern District of California

relevant circumstances.  Plaintiff's fourth and final prejudice argument is that the stay will result in lost evidence due to fading memories and witness unavailability.  The Court disagrees.  The stay contemplated here is brief.  A concern for loss of evidence exists anytime a court issues a stay and does not supply sufficient grounds to refrain from issuing an otherwise appropriate stay.

**IV.    PUBLIC INTEREST RELATIVE TO STAY**

Plaintiff's final argument in opposition to a stay is that the public interest favors timely resolution of the antitrust issues raised by the case at bar.  (Pl. Response at 7.)  The Court first observes that the public interest always favors timely resolution of cases.  That interest, however, does not necessarily outweigh the public's countervailing interest in *efficient* resolution of cases.  Plaintiff suggests, however, that the public bears a particularly strong interest in the timely resolution of this case due to the novelty of the issues presented and the potential that, if Defendants in fact are engaged in antitrust violations, their violations may continue unabated during the pendency of this litigation.  This argument overlooks that the question of whether Defendants are causing Plaintiff antitrust injury by refusing to negotiate individual licenses under Plaintiff's '750 Patent appears to depend, both logically and legally, on whether the '750 Patent is valid and infringed.  The most efficient course in this matter is to resolve validity and infringement issues before pivoting to Plaintiff's antitrust case.

## DISCUSSION

For the foregoing reasons, the Court hereby **STAYS** the above-styled matter for 120 days from the date of this Order.

The Court **SETS** a status update hearing on its 9:01 a.m. Calendar on **Friday, June 20, 2014**, in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California.  At least five business days before the status update hearing, the parties shall submit a single, joint status update statement updating the Court as to the progress of the Illinois litigation.  The parties may also succinctly state their positions regarding extending or lifting the stay.  The Court shall determine on the basis of the filing whether extension or termination of the stay is warranted, and whether further briefing or a hearing shall be required.

///

United States District Court
Northern District of California

If at any time before the June 20 status update hearing any defendant reaches settlement in any of Cascades' patent actions consolidated before Judge Kennelly, Cascades shall electronically file written notice in this case's docket forthwith.

**IT IS SO ORDERED**.

Date: March 4, 2014

**YVONNE GONZALEZ ROGERS**

**UNITED STATES DISTRICT COURT JUDGE**