**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CASCADES COMPUTER INNOVATION LLC,**<br><br>     **Plaintiff,**<br><br>  vs.<br><br>**RPX CORPORATION,** *et al.***,**<br><br>     **Defendants.** | Case No.: 12-CV-1143 YGR<br><br>**ORDER RENEWING STAY, DENYING DISCOVERY REQUEST, AND SETTING STATUS HEARING** |

On March 4, 2014, the Court stayed the above-styled antitrust action in favor of patent litigation now proceeding in the Northern District of Illinois. (Dkt. No. 133.) The Court's Order required the parties to file a joint status statement no later than June 13, 2014. (*See id.* at 5.) The parties timely complied. (Dkt. No. 134.)

In the Joint Status Statement, the parties revisited the propriety of the present stay. Plaintiff, while opposing renewal of the stay, requests that, if the stay is renewed, the Court nevertheless permit plaintiff to take what it describes as "limited" documentary discovery from all the current and former parties to this litigation, as well as the Illinois litigation. The Court has read and fully considered the issues and arguments raised by both sides, including the news article relied upon by plaintiff and plaintiff's discovery proposal. Ultimately, plaintiff merely reiterates the reasons it opposed the stay in the first instance, which the Court has already considered and rejected. (Dkt. No. 133.) Plaintiff raises no new concerns that would undermine the basic premises that prompted a stay in the first instance.

Given the progress of the Illinois action, the pending motions to be argued this month, and the potential impact of the Illinois action on this case, the Court finds that another 120-day stay, with the exception noted herein, is warranted. While targeted discovery may be appropriate in the future, plaintiff has not established sufficient reason to permit the discovery requested at this particular juncture. (Dkt. No. 134 at 5.)   That said, the Court is sufficiently concerned regarding the motion practice referenced by the defendants, that once the stay is lifted, discovery will not commence immediately. Accordingly, the Court is inclined to have the legal issues regarding the claim of a "joint defense and common interest privilege" resolved during the interim.

Accordingly, the Court **ORDERS AS FOLLOWS:**

1. **THE STAY IS RENEWED** in the above-styled matter for 120 days from the date of this Order.

2. Plaintiff's request to take discovery notwithstanding the stay is **DENIED**. However, defendants shall file a motion on 35-days' notice setting forth the legal basis for their proffer of a joint defense and common interest privilege with respect to the four categories of documents identified by plaintiff on page 5 of the Joint Statement. Said motion shall be filed within 30 days or the alleged privilege will be deemed waived. The Court hereby refers said motion to Magistrate Judge Ryu. A separate order shall issue once the motion is filed.

3. The Court **SETS** a status hearing on the Court's 9:01 a.m. Calendar on **Friday, September 26, 2014**, in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California. At least five business days before that status hearing, the parties shall submit a single, joint status update statement updating the Court as to the progress of the Illinois litigation. The parties may also succinctly state their positions regarding extending or lifting the stay. The Court shall determine on the basis of the filing whether extension or termination of the stay is warranted, and whether further briefing or a hearing shall be required.

///

///

If at any time before the status update hearing any defendant reaches settlement in any of plaintiff's patent actions in the Northern District of Illinois, plaintiff shall electronically file written notice in this case's docket forthwith.

**IT IS SO ORDERED**.

Date: July 7, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**