UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASCADES COMPUTER INNOVATION LLC,<br><br>    Plaintiff(s),<br><br>    v.<br><br>RPX CORPORATION ET AL,<br><br>    Defendant(s).<br>_____/ | No. C-12-01143-YGR (DMR)<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER [DOCKET NO. 138] WITHOUT PREJUDICE** |

Before the court is a joint motion for a protective order filed by Defendants RPX Corporation, HTC Corporation, and Samsung Electronics Co., Ltd. [Docket No. 138.] The court has reviewed the motion, and determines that it is premature. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1). However, "[a] party asserting good cause [for a protective order] bears the burden, *for each particular document it seeks to protect*, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (quotation omitted, emphasis added). Furthermore, a party asserting the joint defense privilege to prevent discovery of a communication bears the burden of showing that "(1) the communication is made by separate parties in the course of a matter of common [legal] interest; (2)

the communication is designed to further that effort; and (3) the privilege has not been waived." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007). The court cannot apply this fact-specific analysis here, where no discovery has been conducted and the case is stayed (with no discovery permitted) until at least December 12, 2014. *See* Docket Nos. 133, 137, 150. Accordingly, the motion for protective order is **denied without prejudice**.

IT IS SO ORDERED.

Dated: October 1, 2014



_____
DONNA M. RYU
United States Magistrate Judge

2