LATHAM & WATKINS LLP
   Alfred C. Pfeiffer, Jr. (Bar No. 120965)
   Hanno Kaiser (Bar No. 262249)
   Alan Devlin (Bar No. 282445)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
Email: al.pfeiffer@lw.com
Email: hanno.kaiser@lw.com
Email: alan.devlin@lw.com

*Attorneys for Defendant RPX Corporation*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CASCADES COMPUTER INNOVATION LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>RPX CORPORATION, HTC CORPORATION, and SAMSUNG ELECTRONICS CO. LTD.,<br><br>    Defendants. | CASE NO. 12-CV-01143-YGR<br><br>**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY**<br><br>Date: March 3, 2015<br>Time: 2:00 PM<br>Courtroom: 1, 4th Floor<br><br>The Honorable Yvonne Gonzalez Rogers |

Less than a month ago, this Court extended the stay until June 22, 2015 because "the litigation in Illinois is progressing steadily[.]" (Dkt. 154.) The stay is in place because the "most efficient course in this matter is to resolve validity and infringement issues before pivoting to Plaintiff's antitrust case." (Dkt. 133, p. 5.) The grounds for that stay remain in full force, because the Illinois court has now definitively established that those issues will soon be resolved. The Northern District of Illinois has scheduled trial for this coming August to determine whether the '750 patent is valid and infringed. If the '750 patent is not both, there is no antitrust case. To

1  abandon the stay now—just as the Illinois court is poised to resolve validity and infringement—
2  would make no sense.
3     Cascades suggests that the stay should end because the Northern District of Illinois
4  recently granted in part and denied in part HTC and Samsung's motion for summary judgment.
5  (Dkt. 155.)  But the Illinois court's decision provides no reason to lift the stay.  This Court has
6  properly tied the stay to the resolution of the critical issues of validity and infringement; it never
7  conditioned the stay to a *pretrial* resolution.  (Dkt. 133, p. 5.)  Viewing the record in the light
8  most favorable to Cascades and drawing all reasonable inferences in Cascades' favor, the Illinois
9  court found that a fact question exists.  (Dkt. 155-2.)  A jury will very soon answer that question.
10 The premise underlying the stay thus remains as valid today as it was 10 months ago.
11    The Illinois court's prompt resolution of Defendants' final summary judgment motion—
12 just a month after it was fully briefed—shows that the Illinois litigation is proceeding at an
13 unusually rapid pace.  The parties to the patent litigation are due to file position statements today,
14 and the Illinois court has scheduled a further status hearing for next week, on January 29, 2015.
15 A trial will soon resolve the factual questions upon which Cascades' antitrust claims here
16 depend, and may do so in as little as 18 months from the beginning of the stay.  Given the
17 swiftness with which the Illinois patent litigation is proceeding, the stay should at minimum
18 continue in place until June 22, 2015, as this Court originally ordered.  (Dkt. 154.)
19    We must note that the Illinois litigation has already substantially narrowed Cascades'
20 claims here.  On January 6, 2015, the Illinois court held that neither HTC nor Samsung directly
21 infringes claim 15 of the '750 patent.  (Dkt. 155-2, pp. 13-14.)  Moreover, the Illinois court
22 eliminated damages for pre-lawsuit indirect infringement as to HTC.  (*Id.* pp. 15-16.)  Those
23 rulings, which Cascades ignores, come on the heels of an earlier summary judgment ruling that
24 Samsung and HTC are not liable for any sales that post-date the license that Cascades gave to
25 Google.  (Dkt. 147-1.)  The stay has thus already yielded factual determinations relevant to this
26 case, and may soon end this case entirely.  As the current stay order provides, the parties should
27 apprise the Court of any additional relevant developments by June 2, 2015.  (Dkt. 154.)
28

2

This Court should deny Cascades' motion, leave the existing stay undisturbed, and hence require Cascades to prove infringement and defend validity in Illinois before subjecting Defendants to vast and potentially unnecessary discovery costs here.

Dated: January 21, 2015

Respectfully Submitted,

/s/ Alfred C. Pfeiffer, Jr.
Alfred C. Pfeiffer, Jr.
Hanno F. Kaiser
Alan J. Devlin
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 398-8095

*Attorneys for Defendant RPX Corporation*

/s/ Michael W. Scarborough

Michael W. Scarborough
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Tel: (415) 434-9100
Fax: (415) 434-3947

*Attorneys for Defendant Samsung Electronics Co., Ltd.*

/s/ Jonathan M. Jacobson
Jonathan M. Jacobson
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Tel: (212) 999-5800
Fax: (212) 999-5899

*Attorneys for Defendant HTC Corporation*

**SIGNATURE ATTESTATION**

In accordance with Northern District of California Local Rule 5-1(i)(3), I hereby attest that I have obtained the concurrence of Michael W. Scarborough and Jonathan M. Jacobson in the filing of this document.

/s/ Alfred C. Pfeiffer, Jr.
Alfred C. Pfeiffer, Jr.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS' JOINT OPP. TO PLAINTIFF'S MOT. TO LIFT STAY
CASE NO. 12-CV-01143-YGR