UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASCADES COMPUTER INNOVATION LLC,<br><br>Plaintiff,<br><br>v.<br><br>RPX CORPORATION, *et al.*,<br><br>Defendants. | Case No.: 12-CV-1143 YGR<br><br>ORDER: (1) DENYING MOTION TO LIFT STAY; (2) EXTENDING STAY AND SETTING CASE MANAGEMENT CONFERENCE; AND (3) DENYING REQUEST FOR CERTIFICATION OF INTERLOCUTORY APPEAL<br><br>Re: Dkt. No. 155 |

Before the Court is plaintiff Cascades Computer Innovation LLC's Motion to Lift Stay. (Dkt. No. 155-1 ("Mot.").) Defendants oppose the motion. (Dkt. No. 157 ("Oppo.").) Having carefully considered the papers submitted and the record in this case,[1] and being fully informed thereon, the Court **DENIES** plaintiff's motion to lift the stay at this juncture. However, given the near conclusion of the patent trial justifying the stay, the stay will be lifted on July 31, 2015.

## I. RELEVANT BACKGROUND

The instant dispute concerns an alleged antitrust price-fixing conspiracy regarding licenses to certain patents. On March 4, 2014, the Court stayed this litigation pending resolution of a case in the Northern District of Illinois, *Cascades v. Motorola Mobility et al.*, No. 11-cv-4574 MFK ("Illinois Action"), involving one of the critical patents at issue here. (Dkt. No. 133 at 3 ("[S]ubstantial efficiencies may result from allowing the patent litigation to run its course before proceeding to the merits of the antitrust action.").) The stay has since been extended until June 22, 2015, as the Illinois Action continued to run its course. (*See* Dkt. Nos. 150, 154.) On January 6,

---

[1] The Court vacated the hearing on this motion pursuant to Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. (Dkt. No. 160.)

2015, Judge Kennelly granted in part and denied in part a motion for summary judgment for non-infringement in the Illinois Action. *See* Illinois Action, Dkt. Nos. 223, 229. That case is now set for a one-week jury trial starting on July 13, 2015. No delays are expected.

## II. ORDER DENYING MOTION TO LIFT STAY

### A. LEGAL FRAMEWORK

A district court has discretionary power to stay proceedings before it. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

"[T]he same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Akeena Solar Inc. v. Zep Solar Inc.*, No. C 09–05040 JSW, 2011 WL 2669453, at *2 (N.D. Cal. July 7, 2011) (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002)). The court may lift the stay if the circumstances warranting its imposition have since "changed significantly." *Evolutionary Intelligence, LLC v. LivingSocial, Inc.*, No. 13-CV-04205-WHO, 2014 WL 2735185, at *2 (N.D. Cal. June 16, 2014) (quoting *Canady*, 271 F. Supp. 2d at 74).

### B. ANALYSIS

The stay was implemented because "substantial efficiencies may result from allowing the patent litigation to run its course before proceeding to the merits of the antitrust action." (Dkt. No. 133 at 3.) For instance, "if the Illinois litigation determines that Plaintiff's '750 Patent is invalid, any damage stemming from a refusal to negotiate a license under that patent may well prove to be illusory." (*Id.*) "Thus, the Illinois litigation has the potential to narrow substantially, or moot entirely, the antitrust issues now before this Court." (*Id.*) Judge Kennelly's recent order, clearing the way for a jury trial in the near future, does not justify lifting the stay. To the contrary, it strengthens the justification for maintaining the stay, because a relevant judgment should soon issue

1 in that case. Defendant reiterates its previous argument, claiming even if it suffers an adverse 2 decision in the Illinois Action, the instant action will not be entirely resolved. (Dkt. No. 159 3 ("Reply") at 1; *see also* Dkt. No. 122 at 1.) However, even if the Illinois Action only substantially 4 narrows the issues involved here, maintaining the stay for a few more months is warranted.

### III. ORDER EXTENDING STAY AND SETTING CMC

The stay is currently in place only until June 22, 2015. (Dkt. No. 154.) In light of the upcoming one-week trial, set for July 13, 2015, and for the reasons stated above, the Court hereby **EXTENDS** the stay to be lifted effective **July 31, 2015** to allow that trial to run its course before this case resumes. A case management conference ("CMC") is **SET** for **September 14, 2015**.

### IV. ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL

Plaintiff also requested, in its reply brief in support of the motion to lift the stay, that the Court certify this issue for interlocutory appeal under 28 U.S.C. § 1292(b) in the event that it denied the motion. (Reply at 2.)

#### A. LEGAL FRAMEWORK

Typically, a district court's ruling is not appealable until after entry of final judgment. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. 02-MD-1486, 2008 WL 863994, at *1 (N.D. Cal. Mar. 28, 2008). However, under 28 U.S.C. section 1292(b), the district court may certify appeal of an interlocutory order if: (1) the order involves a controlling question of law, (2) appealing the order may materially advance the ultimate termination of the litigation, and (3) there is substantial ground for difference of opinion as to the question of law. *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *Id*. Courts apply the statute's requirements strictly, and grant motions for certification only when exceptional circumstances warrant it. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). A party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances. *Id*. A party must establish that all three requirements of section 1292(b) are met in order to seek an appeal of an interlocutory order. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

**B.     ANALYSIS**

Plaintiff has failed to establish any of the three requirements for section 1292(b) certification. Indeed, plaintiff only directly addressed its request for certification in a single sentence:

> If the stay cannot be lifted now that all the motions for summary judgment have been denied, Cascades respectfully asks that the Court certify under 28 U.S.C. § 1292(b) the question of the appropriateness of granting continuing stays because of the mere pendency of patent infringement litigation on one of 38 patents that were subject to the illegal action.

(Reply at 2.)

Nevertheless, the Court has considered the request. Here, the first and third factors fuse, because the request does not appear to relate to a specific controlling question of law, but rather to the application of well-established legal precedent to the specific factual circumstance at issue here. As for the second factor, in light of the Court's intention, noted herein, for the stay to be lifted in less than five months, it is unclear how an interlocutory appeal—which would itself consume the resources of the parties and the Ninth Circuit and likely take several months to resolve—would materially advance the ultimate termination of this case. Therefore, the request for 1292(b) certification is **DENIED**.

**V.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** plaintiff's Motion to Lift Stay and **EXTENDS** the stay to be lifted effective **July 31, 2015** in light of the upcoming trial in the Illinois Action. A CMC is **SET** for **September 14, 2015**.

This Order terminates Docket Number 155.

**IT IS SO ORDERED**.

Date: March 23, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**