UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CASCADES COMPUTER INNOVATION LLC**, <br> Plaintiff, <br> v. <br> **RPX CORPORATION, ET AL.**, <br> Defendants. | Case No. 12-cv-01143-YGR <br><br> **ORDER DISMISSING STATE LAW CLAIMS WITH PREJUDICE** <br><br> Re: Dkt. No. 201 |

On February 23, 2016, the Court granted defendants' motion for judgment on the pleadings as to the four federal antitrust claims (Counts I-IV) asserted in the First Amended Complaint (Dkt. No. 94 ("FAC")). *Cascades Computer Innovation LLC v. RPX Corp.*, No. 12-CV-01143, 2016 WL 705982, at *6 (N.D. Cal. Feb. 23, 2016). Thereafter, the parties submitted briefs addressing the remaining state law claims—Count V (for violation of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16700 *et seq.*) and Count VI (for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*). (Dkt. Nos. 202-03, 205-06.)

The parties agree that the state law claims should be dismissed, but disagree as to whether the dismissal should be with prejudice. Plaintiff argues "the Court should simply decline to exercise supplemental jurisdiction" over those claims pursuant to 28 U.S.C. § 1367(c)(3). (Dkt. No. 202 at 1-2.) Defendants contend the state law claims should be dismissed with prejudice, on the merits, for the same reasons warranting dismissal of the federal claims. (Dkt. No. 203 at 1.)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides, in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). In construing the bounds of the federal courts' reach, a state law claim is understood as part of the same case or controversy when it shares a "common nucleus of operative fact" with the federal claims and the state and federal claims would normally be tried together. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

Section 1367(c) states that a court may decline to exercise jurisdiction over a supplemental state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Typically, "[w]here a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice." *Wade v. Regional Credit Assoc.*, 87 F.3d 1098, 1101 (9th Cir. 1996). However, "[t]he decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007). For instance, it may be appropriate to maintain jurisdiction over surviving state law claims in the interest of judicial economy. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008); *see also Peter Turner v. City & Cty. of San Francisco*, No. C-11-1427 EMC, 2012 WL 6631490, at *11 (N.D. Cal. Dec. 19, 2012) ("Declining to exercise [supplemental] jurisdiction over [remaining state law claims] would serve no purpose, as a state court would have to waste judicial resources to reach the same obvious conclusion" regarding the claims' futility.).

Here, the Court finds that judicial economy warrants dismissal of the remaining claims with prejudice, as the state law claims are inadequate for the same reasons as discussed at length in the Court's February 23, 2016 Order in connection with the federal antitrust claims. In connection with earlier motions to dismiss, plaintiff previously conceded that, at least for purposes of those wide-ranging motions, the state law claims "live or die" with the federal claims. (Dkt. No. 103 at 39.)

As to Count V for violation of the Cartwright Act, the Ninth Circuit has "recognized that Cartwright Act claims raise basically the same issues as do Sherman Act claims." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 812 n.4 (9th Cir. 1988); *see also Flagship Theatres of Palm Desert, LLC v. Century Theatres, Inc.*, 198 Cal. App. 4th 1366, 1378 (2011) (noting federal law's antitrust injury requirement applies to claims under the Cartwright Act). The Cartwright Act claim at issue is premised entirely on the same allegations that were found insufficient in the Court's February 23, 2016 Order. Thus, requiring the state court to re-adjudicate the issues relating to this futile claim would be an unnecessary waste of judicial resources.

As to Count VI for violation of the UCL, in light of the failure of all other claims, plaintiff has failed to allege any unlawful practice by defendants. *See Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992) ("Unlawful business activity proscribed under section 17200 includes anything that can properly be called a business practice and that at the same time is forbidden by law.") (internal quotations and citations omitted). Similarly, the complaint fails to plausibly allege "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999); *see also Yanting Zhang v. Superior Court*, 57 Cal. 4th 364, 372 (2013) ("[T]o bring a UCL action, a private plaintiff must be able to show economic injury caused by unfair competition."). Therefore, remanding this futile claim to state court would also constitute a waste of judicial resources.

Accordingly, Counts V and VI are **DISMISSED WITH PREJUDICE**. Defendants shall submit a proposed form of judgment, approved as to form by plaintiff, within five (5) business days of the

3

date of this Order.

**IT IS SO ORDERED.**

Dated: March 27, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**